```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
ANDRACOS MARSHALL,                  :
                                    :
          Petitioner,               :   Civ. No. 22-0889 (NLH)
                                    :
     v.                             :   OPINION
                                    :
WARDEN L. N'DIAYE,                  :
                                    :
          Respondent.               :
_____ :
```

APPEARANCES:

Andracos Marshall
71874-066
Ray Brook
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 900
Ray Brook, NY 12977[1]

  *Petitioner Pro se*

HILLMAN, District Judge

    Petitioner Andracos Marshall, a federal prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the forfeiture order entered in his criminal case, United States v. Andracos Marshall, No. 8:13-cr-00492 (D. Md. July 13, 2016) (ECF No. 363) ("Forfeiture Order").[2]  ECF No. 1.

---

[1] Petitioner was confined in FCI Fort Dix at the time he filed his petition. ECF No. 1.

[2] The Court takes judicial notice of the public filings in Petitioner's criminal case.

For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I. BACKGROUND

The Court adopts the relevant facts of Petitioner's criminal proceedings as stated by the United States Court of Appeals for the Fourth Circuit in its September 25, 2017 precedential opinion:

> The Government filed a sealed criminal complaint against Marshall on January 3, 2014, in the United States District Court for the District of Maryland. On February 24th, the Government filed its first superseding indictment, charging Marshall and three others with several crimes, including conspiracy to distribute a controlled substance, possession of a controlled substance with intent to distribute, and conspiracy to commit money laundering. The first superseding indictment also included a forfeiture allegation, which stated that the Government would seek the forfeiture of substitute assets if the property derived from Marshall's alleged criminal actions could not be found. On November 5, 2015, the Government filed a Bill of Particulars providing notice that it intended to seek the forfeiture of approximately $59,000 from Marshall's National Institutes of Health Federal Credit Union account upon his conviction.[3] However, the Bill did not indicate whether the Government classified the credit union funds as assets derived from the crimes or substitute assets.
>
> On January 4, 2016, the Government filed a second superseding indictment, charging Marshall with the same crimes as the first superseding indictment but removing his co-defendants as a result of their guilty pleas. This later indictment included a forfeiture allegation

---

[3] "At some point prior to this filing, the Government placed a hold on the funds in the credit union account, although the date is not readily discernible from the district court's docket." United States v. Marshall, 872 F.3d 213, 215 n.1 (4th Cir. 2017).

> as before but this time listed the $59,000 in Marshall's credit union account as property to be forfeited under [21 U.S.C.] § 853(a) and alleged that Marshall was responsible for at least $108 million of criminally-obtained proceeds.

United States v. Marshall, 872 F.3d 213, 215-16 (4th Cir. 2017) (second footnote omitted).  On February 8, 2016, the jury convicted Petitioner on all counts: conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. § 846 (Count One); possession with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. § 841 (Count Two); and money laundering conspiracy, 18 U.S.C. § 1956(h) (Count Three).  Marshall, No. 8:13-cr-00492 (ECF No. 321).

On July 13, 2016, the trial court granted the United States' forfeiture motion, "find[ing] by a preponderance of the evidence that the Defendant Andracos Marshall shall forfeit $51,300,000 as property that constitutes gross proceeds traceable to the commission of the offenses charged in [Counts] One and Two for which the Defendant was convicted."  Forfeiture Order at 1-2.  "Insofar as this Order contains a judgment for a sum of money, the Defendant shall remain personally and jointly and severally liable with codefendants until the judgment is satisfied."  Id. at 2.  The court retained jurisdiction to "amend [the Forfeiture Order] as necessary pursuant to Rule 32.2(3) if the Government locates assets subject to forfeiture

3

as substitute assets pursuant to 21 U.S.C. § 853(p)." Id. "The order did not specifically mention the $59,000 in Marshall's credit union account." Marshall, 872 F.3d at 216. The District Court sentenced Petitioner to "a total term of 276 months, concurrent on counts one and two, and a concurrent term of 240 months on count three." ECF No. 1-1 at 5.

After Petitioner filed a motion asking the District Court to release the credit union funds for use on appeal, the United States moved to amend the Forfeiture Order "specifically requesting the forfeiture of the funds in Marshall's credit union account and classifying them as substitute assets under § 853(p)." Marshall, 872 F.3d at 216. The District Court granted the motion on August 12, 2016, "find[ing] that, because of the acts or omissions of the Defendant, the proceeds of the offense are no longer available for forfeiture for one or more of the reasons set forth in Title 21, United States Code, Section 853(p) . . . ." Marshall, No. 8:13-cr-00492 (ECF No. 380).

Petitioner appealed to the Fourth Circuit arguing that the credit union funds should be released to him so that he could "hire appellate counsel of his choice for the appeal of his criminal convictions." Marshall, 872 F.3d at 215. The Fourth Circuit stayed the forfeiture orders pending its decision on the release of the funds, but ultimately concluded in a precedential opinion that "title to Marshall's substitute property — the

4

credit union account funds — had vested in the Government by the issuance of the district court's forfeiture order following his conviction. Consequently, Marshall does not own the property he seeks to use to pay appellate counsel." Id. at 220-21. The Supreme Court denied a writ of certiorari. Marshall v. United States, 138 S. Ct. 1274 (2018).

Petitioner raised one issue before the Fourth Circuit on the merits: "whether the pretrial restraint of the credit union account denied Marshall his right to counsel of choice at trial and, thus, requires a new trial." United States v. Marshall, 754 F. App'x 157, 159 (4th Cir. 2018) (per curiam). The Fourth Circuit concluded the pretrial restraint did not violate Petitioner's Sixth Amendment right to counsel and affirmed Petitioner's convictions on their merits. Id. The Supreme Court again denied a writ of certiorari. Marshall v. United States, 139 S. Ct. 1365 (2019).

Petitioner now challenges the forfeiture orders under § 2241. ECF No. 1.[4] He argues the "sentence was imposed and carried out in violation of the 8th Amendment Constitutional guarantees prohibiting the exercising of excessive fines, which

---

[4] Petitioner is separately pursuing a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 in the sentencing court. Marshall v. United States, 8:19-CV-03531 (D. Md. filed Dec. 9, 2019).

5

the Petitioner was given in the form of a 51 million dollar forfeiture . . . ." Id. at 6.

II. STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal court must dismiss a habeas corpus petition without the filing of an answer "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." 28 U.S.C. § 2254 Rule 4 (made applicable by Rule 1(b)).

III. DISCUSSION

Petitioner alleges the Forfeiture Order is excessive because it is disproportionate to his culpability in violation of United States v. Bajakajian, 524 U.S. 321 (1998) and Austin v. United States, 509 U.S. 602 (1993). ECF No. 1 at 12. He

6

also asserts the Forfeiture Order is invalid under <u>Honeycutt v. United States</u>, 137 S. Ct. 1626 (2017), "which held that forfeiture under 21 U.S.C. § 853 may not be ordered on a joint and several basis and is instead limited to property that the defendant personally acquired." <u>Beras v. Warden Moshannon Valley Corr. Ctr.</u>, 816 F. App'x 633, 634 (3d Cir. 2020) (per curiam). He alleges the District Court "made a finding of a forfeiture amount of 51 million dollars based upon an incorrect attributable amount not found by an appropriate <u>Honeycutt</u> . . . hearing and by an actual amount seized by the DEA." ECF No. 1 at 11. He asks the Court to "vacate and remand current 51 million dollar forfeiture for an appropriate hearing . . . or simply an appropriate finding of forfeiture applicable to Petitioner based upon correct amount attributable to his role in drug offense and attributable to assets allocated to him during drug offense." <u>Id.</u> at 7.

"[F]ederal prisoners wishing to collaterally challenge their sentences generally must do so in their sentencing courts under 28 U.S.C. § 2255." <u>Beras</u>, 816 F. App'x at 634. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001); <u>see also</u> <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235, 242 (3d Cir. 2012). An exception exists for claims of

7

"'actual innocence' on the theory that '[the prisoner] is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision.'" Beras, 816 F. App'x at 634-35 (quoting Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017)). However, Petitioner does not argue that he is actually innocent of the crimes for which he was convicted. "The exception does not apply here because even if Honeycutt invalidates [Petitioner's] forfeiture order (which we do not decide), that circumstance would not render noncriminal any of his conduct of conviction." Id. at 635. Additionally, "habeas relief is available only from 'custody.' Monetary components of a sentence generally do not qualify . . . ." Id. (citing United States v. Ross, 801 F.3d 374, 379 (3d Cir. 2015)). The Court therefore lacks jurisdiction to review Petitioner's challenge to the validity of the Forfeiture Order under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Petitioner's challenge to the forfeiture order would be properly filed before the sentencing court; however, the Court will not transfer the petition because the Fourth Circuit rejected Petitioner's prior challenges to the

8

Forfeiture Order.  United States v. Marshall, 872 F.3d 213 (4th Cir. 2017); United States v. Marshall, 754 F. App'x 157, 159 (4th Cir. 2018).

IV. CONCLUSION

    For the foregoing reasons, the petition shall be dismissed for lack of jurisdiction.

    An appropriate order will be entered.


Dated: October 4, 2022        s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.